# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2010

No. 10-40090
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

OCTAVIAS LARAY PERRY,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-741-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Octavias Laray Perry appeals the sentence imposed following his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He argues that the district court incorrectly determined that it was precluded from departing downward under U.S.S.G. § 5K2.12 based on an incomplete duress defense because the jury had rejected his duress defense at trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Perry has not shown that the district court incorrectly determined that it lacked the authority to depart downward under § 5K2.12. The record reflects that the district court considered defense counsel's arguments at sentencing for a downward departure, the Presentence Report (PSR), the 18 U.S.C. § 3553(a) factors, and Perry's allocution. Although the district court noted that the jury had rejected the duress defense and Perry's version of the facts at trial, the district court's comments do not indicate that it was under the mistaken belief that it lacked the authority to depart downward under § 5K2.12 due to the jury's rejection of the duress defense. The district court found that, even assuming that the facts were as Perry presented them, a downward departure based on duress under § 5K2.12 was not warranted because Perry had other options on the night of the offense. After considering Perry's arguments, the PSR, and the § 3553(a) factors, the district court implicitly denied Perry's request for a downward departure and expressly determined that a forty-one month sentence within the advisory guidelines range was appropriate. Thus, the record does not indicate that the district court held the erroneous belief that it lacked the authority to depart downward. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999). Therefore, this court lacks the jurisdiction to review the district court's denial of Perry's request for a downward departure. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).

APPEAL DISMISSED.